UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WARREN E. BELL,

                Plaintiff,

    v.

DAVID OLSON, et al.,

                Defendants.

CASE NO. C21-781-JCC-SKV

REPORT AND RECOMMENDATION

## INTRODUCTION

Plaintiff Warren Bell proceeds pro se in this removed civil matter.  He brings claims under 42 U.S.C. § 1983 and state law associated with his arrest and booking into Snohomish County Jail and names as Defendants police officer David Olson, nurse Autumn Kostelecky, Snohomish County Jail, and Snohomish County Risk Management. Dkt. 1-2.[1]  The two "County Defendants" now move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) and (b)(6).  Dkt. 24.  Plaintiff opposes the motion.  Dkt. 26.  The Court, having considered the

---

[1] While not included in the case caption, Plaintiff identified Snohomish County Jail as a Defendant within the body of the complaint.  *See* Dkt. 1-2 at 3.

REPORT AND RECOMMENDATION - 1

1    motion, opposition, associated documents, and remainder of the record, concludes the motion to

2    dismiss, Dkt. 24, should be DENIED under Rule 12(b)(5), but GRANTED under Rule 12(b)(6).

3                                                    BACKGROUND

4            On January 20, 2020, police officer David Olson arrested Plaintiff on suspicion of driving

5    without a license, without an ignition interlock system, and without insurance.  Dkt. 1-2, ¶1.1.

6    Although named as a Snohomish County police officer in the complaint, officer Olson identifies

7    himself as a Washington State Trooper in his responsive pleading.  *See id*. and Dkt. 14.  Plaintiff

8    was transported and booked into Snohomish County Jail the same day as his arrest.  Dkt. 1-2,

9    ¶1.2.  At the jail, nurse Kostelecky conducted a medical evaluation, taking Plaintiff's vital signs

10   and identifying his physical complaints, conditions, and medications.  *Id*., ¶¶1.3, 5.1.  Plaintiff

11   alleges he was seriously ill and in need of immediate medical care, but that nurse Kostelecky

12   ignored his serious conditions, denied him his prescribed medications, and that he suffered a

13   "near death, Heart-Attack, or a Severe and Painful Stroke," with his life in peril.  *Id*., ¶¶5.2-5.5.

14   The charges against Plaintiff were dismissed and he was released.  *Id*., ¶7.1.

15           Plaintiff filed suit in Snohomish County Superior Court on April 16, 2021.  Dkt. 1-2.  He

16   alleged he was unlawfully denied a remedy when Snohomish County refused to compensate him

17   for his state tort claim brought pursuant to RCW 4.96, et seq. and the violation of his

18   constitutional rights through false arrest/imprisonment and his medical emergency at the jail.  *Id*.

19   He attached to the complaint an unsigned, undated "Certificate of Service/Affidavit of Personal

20   Service" and a signed letter dated November 20, 2020, directed to the Snohomish County Risk

21   Management Division, and stating he had not received any response to his June 2020 tort claim

22   for damages.  *Id*.

23

24

1      The County Defendants removed the case to this Court on June 10, 2021 based on federal

2    question jurisdiction.  Dkt. 1.  The notice of removal indicated Snohomish County Risk

3    Management received a copy of the summons and complaint on May 26, 2021, but had not been

4    properly served.  *Id.*  Plaintiff thereafter served the County Defendants on August 26, 2021 by

5    serving a copy of the summons and complaint, under the Snohomish County Superior Court

6    cause number, on the Snohomish County Auditor's Office.  Dkt. 25, ¶¶3-6.

7    DISCUSSION

8    A.    <u>Insufficient Service</u>

9      A defendant may move to dismiss under Rule 12(b)(5) based on insufficient service of

10   process.  Fed. R. Civ. P. 12(b)(5).  While the sufficiency of service prior to removal of a case

11   from state court is governed by state law, upon removal, a plaintiff may serve process where

12   service was defective or not previously attempted.  *Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1023

13   (9th Cir. 2017) (citing 28 U.S.C. § 1448 (when a case is removed from state court "in which any

14   one or more of the defendants has not been [properly] served . . . such process or service may be

15   completed or new process issued in the same manner as in cases originally filed in such district

16   court[.]"))  The Federal Rules of Civil Procedure govern such service and apply after removal.

17   *Id.*  (citing Fed. R. Civ. P. 4 and 81(c)(1)).

18     A federal court lacks jurisdiction over a defendant unless the defendant has been properly

19   served in accordance with Rule 4.  *Direct Mails Specialists, Inc. v. Eclat Computerized Techs.,*

20   *Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).  Under Rule 4(j)(2), a state-created governmental

21   organization must be served by either delivering a copy of the summons and complaint on the

22   chief executive officer or by serving a copy of each in the manner prescribed for such service

23   under state law.  Fed. R. Civ. P. 4(j)(2)(A)-(B).  Both Washington law and the Snohomish

24

1    County Code provide for effectuation of service on the Snohomish County Auditor.  RCW

2    4.28.080(1); SCC 2.90.050(1).

3         Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is

4    filed, the court . . .  must dismiss the action without prejudice against that defendant or order that

5    service be made within a specified time."  Fed. R. Civ. P. 4(m).  If a plaintiff shows good cause

6    for failure to serve within that time limit, the Court must extend the time for accomplishing

7    service.  *Id*.  Even without good cause, the Court has broad discretion to decide whether to grant

8    an extension or dismiss the action.  *Efaw v. Williams*, 473 F.3d 1038, 1040-41 (9th Cir. 2007).

9    The Court "may consider factors like a statute of limitations bar, prejudice to the defendant,

10   actual notice of a lawsuit, and eventual service." *Id*. (cleaned up).

11        County Defendants argue the claims against them should be dismissed because Plaintiff

12   failed to serve them on or before July 15, 2021, ninety days after the April 16, 2021 filing of the

13   complaint in superior court.  However, "[i]n an action removed from state court, the [90]–day

14   period to serve process runs from the date of removal to federal court, rather than the date the

15   action was filed in state court."  *Wickersham v. Washington*, C13-1778-JCC, 2014 WL 3846094,

16   at *2 (W.D. Wash. Aug. 5, 2014).  *See also Whidbee*, 857 F.3d at 1023-24 (explaining that,

17   under Rule 4(m), "once a case is removed to federal court, a plaintiff has a specified number of

18   days to effect service of process" and that this rule and 28 U.S.C. § 1448 provide "additional

19   time" to serve); *Vasquez v. North County Transit Dist.*, 292 F.3d 1049, 1053 (9th Cir. 2002)

20   ("After removal, the city neglected to perfect service against the Board within [90] days as

21   required by 28 U.S.C. § 1448 and [Rule] 4(m).");  *Cardenas v. City of Chicago*, 646 F.3d 1001,

22   1004 (7th Cir. 2011) (Rule 4(m) period commences upon date of removal); *Lee v. Snohomish*

23   *Cty.*, C17-0176-JLR, 2018 WL 1194362, at *4 (W.D. Wash. Mar. 6, 2018) ("Pursuant to Rule

24

4(m), after the County removed this action to federal court . . . , Mr. Lee had an additional 90 days to perfect service.").  Because Defendants removed this matter on June 10, 2021, Plaintiff's deadline to effectuate service fell on September 8, 2021.  Plaintiff therefore timely served the Snohomish County Auditor on August 26, 2021.

County Defendants also state that the service occurred "under the Snohomish County Superior Court cause number, a matter that [had] been closed for several months."  Dkt. 24 at 6; Dkt. 25, ¶6.  However, they do not explicitly assert or provide support for the insufficiency of such service under federal law and, in fact, appear to concede the service was proper.  Dkt. 24 at 3 ("Plaintiff then belatedly, though properly, served the County on August 26, 2021[.]")

Unlike Washington courts, federal law does not require strict compliance with service requirements.  *Whidbee*, 857 F.3d at 1021, 1023.  "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint."  *Id*. (cleaned up and quoted sources omitted).  In this case, there does not appear to be any doubt that County Defendants, who removed the superior court case to federal court, received sufficient notice of the complaint upon the timely service on the Snohomish County Auditor.  The Court, as such, finds County Defendants were properly served and no basis for dismissal under Rule 12(b)(5).

B.       Failure to State a Claim

Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted.  In considering a Rule 12(b)(6) motion, the Court accepts all facts alleged in the complaint as true and makes all inferences in the light most favorable to the non-moving party.  *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citations omitted).  However, the court is not required to accept as true a "'legal conclusion couched as a factual allegation.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

1    *Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The complaint "must contain sufficient factual

2    matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*.  This

3    requirement is met when the plaintiff "pleads factual content that allows the court to draw the

4    reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The complaint

5    need not include detailed allegations, but it must have "more than labels and conclusions, and a

6    formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

7    Absent facial plausibility, a plaintiff's claims must be dismissed.  *Id*. at 570.

8            The County Defendants here offer several arguments in support of their motion to

9    dismiss.  The Court, as discussed below, agrees that Plaintiff's claims against the County

10   Defendants should be dismissed under Rule 12(b)(6).

11           1.      <u>Entities sued</u>:

12           State law governs the determination of whether the County Defendants may be sued.

13   Fed. R. Civ. P. 17(b)(3).  Under Washington law, it is well-settled that county departments are

14   not legal entities subject to suit.  *See, e.g.*, *Lee v. City of SeaTac Police Dept.*, C12-194-RSL,

15   2013 WL 4039384, at *2 (W.D. Wash. Aug. 7, 2013).  *See also* RCW 36.01.020, .120(6).

16   Instead, "in a legal action involving a county, the county itself is the only legal entity capable of

17   being sued." *Nolan v. Snohomish Cnty.*, 59 Wn. App. 876, 883, 802 P.2d 792 (1990).  As

18   Snohomish County Jail and Snohomish County Risk Management are departments of Snohomish

19   County, Plaintiff cannot state a claim against these defendants.

20           2.      <u>State tort claim</u>:

21           Plaintiff alleges he was wrongfully denied a remedy in the refusal to compensate him for

22   his tort claim despite the fact he had "clearly provided facts and violations" of his rights and the

23

24

1    law.  Dkt. 1-2 at 8.  *See also* Dkt. 26 at 4 (asserting denial of a post deprivation remedy in

2    ignoring his claim).  He challenges the denial of his tort claim and seeks damages.  *Id.*

3          In Washington, before commencing a tort action against a local governmental entity or its

4    officers, a plaintiff must file a claim for damages with the entity.  RCW 4.96.010, .020.  A

5    plaintiff must follow the process set forth for filing a claim and then wait sixty calendar days

6    before commencing suit.  RCW 4.96.020(1)-(4).  This claim filing statute serves to "allow

7    government entities time to investigate, evaluate, and settle claims[]" and to "assess the potential

8    costs and benefits of litigation."  *Lee v. Metro. Parks Tacoma*, 183 Wn. App. 961, 968, 335 P.3d

9    1014 (2014) (citations omitted).

10          In adopting RCW 4.96 et seq., Washington declared that local governmental entities

11    "shall be liable for damages arising out of their tortious conduct, or the tortious conduct of their

12    officers . . . to the same extent as if they were a private person or corporation."  RCW 4.96.010.

13    "However, RCW 4.96.010 does not create any new causes of action, imposes no new duties, and

14    brings into being no new liability; it merely removes the defense of sovereign immunity."

15    *Garnett v. City of Bellevue*, 59 Wn. App. 281, 285, 796 P.2d 782 (1990) (citation omitted).  The

16    statute does not, in other words, provide for a private right of action or right to recover damages

17    if a local governmental entity chooses not to compensate an individual for a tort claim.  Instead,

18    a plaintiff unhappy with the outcome of a claim filed pursuant to RCW 4.96.010 may, sixty days

19    after its presentation, pursue a tort claim in court.  Here, in raising a challenge under RCW 4.96

20    et seq., Plaintiff fails to set forth a cognizable claim for relief.

21          3.    Municipal liability:

22          A plaintiff may, as stated above, pursue a claim against a county.  To establish municipal

23    liability, the plaintiff must show a "policy or custom" led to the injury.  *Monell v. Department of*

24

1    *Social Services*, 436 U.S. 658, 694 (1978).  A municipality cannot be held liable under 42 U.S.C.

2    § 1983 solely because it employs a tortfeasor.  *Id.* at 691-94.  Liability must rest on the actions of

3    the municipality, not on the actions of an employee and must reflect "'deliberate indifference' as

4    to known or obvious consequences."  *Bd. of the Cnty. Comm'rs of Bryant Cnty. v. Brown*, 520

5    U.S. 397, 403-07 (1997) (citing *Monell*, 436 U.S. 658, and quoting *City of Canton v. Harris*, 489

6    U.S. 378, 388 (1989)).  "Official municipal policy includes the decisions of a government's

7    lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to

8    practically have the force of law."  *Connick v. Thompson*, 563 U.S. 51, 61 (2011).  Municipal

9    liability may, for example, be established through a government's failure to adequately train its

10   employees where its deliberate indifference led an employee to violate a plaintiff's constitutional

11   rights.  *See, e.g.*, *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (a County

12   "may be liable if it fails to properly train peace officers and the 'failure to train amounts to

13   deliberate indifference to the rights of persons with whom the [officers] come into contact.'")

14   (quoting *City of Canton*, 489 U.S. at 388).

15       While Plaintiff does not name Snohomish County as a defendant, he alleges the existence

16   of a municipal policy, practice, and custom that caused his false arrest and unlawful

17   imprisonment and the County's responsibility in failing to train Officer Olson.  Dkt. 1-2 at 7-10.

18   Plaintiff also alleges he suffered from a "culture of indifference" in the correctional and medical

19   personnel at the Snohomish County Jail.  *Id*. at 6.  County Defendants argue that, assuming

20   Plaintiff intends to allege municipal liability against Snohomish County, he fails to articulate a

21   claim under *Monell* or sufficiently allege a constitutional violation.

22       Plaintiff's allegation that Snohomish County failed to train Officer Olson and is therefore

23   liable for Plaintiff's false arrest and imprisonment fails at a fundamental level.  Officer Olson

24

clarifies in his responsive pleading that he is not employed by Snohomish County and is, instead, an employee of Washington State. *See* Dkt. 14, ¶3.2 and at p. 7. Plaintiff does not, as such, identify a basis for holding the County liable for false arrest and imprisonment resulting from a failure to train an individual the County does not employ. Nor does Plaintiff otherwise identify a municipal policy, practice, or custom resulting in the violation of his constitutional rights. A bare allegation that Snohomish County has a policy providing for false arrest and imprisonment does not suffice to state a claim. While the Court liberally construes a pro se pleading, *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992), "'conclusory allegations of law and unwarranted inferences' will not defeat an otherwise proper motion to dismiss." *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007) (citations omitted).

Plaintiff likewise fails to sufficiently plead municipal liability in relation to his medical claim. He asserts a "culture of indifference" in personnel at the jail without identifying a specific municipal policy, custom, or practice giving rise to the alleged constitutional violation. He also points only to his own treatment during his brief period of confinement. "Proof of random acts or isolated events is insufficient to establish custom." *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995), *as amended on denial of reh'g* (Jan. 12, 1996) (citation omitted). A plaintiff "may prove 'the existence of a custom or informal policy with evidence of repeated constitutional violations for which the errant municipal officials were not discharged or reprimanded.'" *Id.* (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992)). Plaintiff's allegation relates solely to his own experience at the jail and does not suffice to set forth a cognizable claim for relief against Snohomish County.

/ / /

1

<u>CONCLUSION</u>

2  The County Defendants' motion to dismiss, Dkt. 24, should be DENIED under Rule

3 12(b)(5), but GRANTED under Rule 12(b)(6).  Plaintiff's claims against Snohomish County Jail

4 and Snohomish County Risk Management and as to RCW 4.96 et seq. should be DISMISSED

5 with prejudice.  To the extent the complaint can be construed as raising a claim against

6 Snohomish County, such a claim should be DISMISSED without prejudice.

7

<u>OBJECTIONS</u>

8  Objections to this Report and Recommendation, if any, should be filed with the Clerk and

9 served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and

10 Recommendation is signed.  Failure to file objections within the specified time may affect your

11 right to appeal.  Objections should be noted for consideration on the District Judge's motions

12 calendar for the third Friday after they are filed.  Responses to objections may be filed within

13 **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be

14 ready for consideration by the District Judge on **<u>December 24, 2021</u>**.

15  Dated this 9th day of December, 2021.

16

17     S. KATE VAUGHAN
      United States Magistrate Judge

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 10