UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WARREN E. BELL,

          Plaintiff,

  v.

DAVID OLSON, et al.,

          Defendants.

Case No. C21-781-JCC-SKV

ORDER RE: MOTION TO AMEND

## INTRODUCTION

Plaintiff Warren Bell proceeds pro se in this removed civil matter and seeks leave to amend his complaint. The Court, having considered Plaintiff's motion and proposed amended pleading, Dkts. 41 & 41-1, the oppositions filed by Defendants Snohomish County Risk Management, Dkt. 43, and Autumn Kostelecky, RN, Dkt. 44, and the remainder of the record, herein DENIES Plaintiff's Motion to Amend, Dkt. 41.[1]

## BACKGROUND

In filing this lawsuit, Plaintiff brought claims under 42 U.S.C. § 1983 and under state law associated with his arrest, the impoundment of his vehicle, and his imprisonment and medical

---

[1] This motion replaces an earlier-filed motion to amend, Dkt. 36, that did not include a proposed amended pleading and is herein STRICKEN as moot. In addition, because Plaintiff informed the Court via email of his agreement to strike his pending Motion to Compel, Dkt. 31, that motion is STRICKEN as voluntarily withdrawn.

ORDER RE: MOTION TO AMEND - 1

care at Snohomish County Jail.  Dkt. 1-2.  He named as Defendants Washington State Patrol Officer David Olson, Snohomish County Jail nurse Autumn Kostelecky ("Nurse Kostelecky"), Snohomish County Jail, and Snohomish County Risk Management.

The Court recently recommended that a motion to dismiss filed by Snohomish County Jail and Snohomish County Risk Management be denied under Federal Rule of Civil Procedure 12(b)(5), but granted under Rule 12(b)(6), and that Plaintiff's claims against these entities and as to RCW 4.96 et seq. be dismissed with prejudice.  Dkt. 32.  Plaintiff filed objections to the Report and Recommendation, Dkt. 40, and sought leave to amend his complaint, *see* Dkts. 36 & 41.  The Court subsequently stayed consideration of Plaintiff's objections pending consideration of the motion to amend.  Dkt. 45.

DISCUSSION

Plaintiff seeks leave to amend pursuant to Federal Rule of Civil Procedure 15.  Under that rule, the Court "should freely give leave [to amend a pleading] when justice so requires."  Fed. R. Civ. P. 15(a).  Granting leave to amend serves the purpose of Rule 15 to "'facilitate decision on the merits, rather than on the pleadings or technicalities[,]'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoted source omitted), and the Rule's policy of favoring amendments "should be applied with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (cleaned up and citations omitted).  Nonetheless, leave to amend may be denied where there is undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Courts often also consider whether a party previously amended the complaint.  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

ORDER RE: MOTION TO AMEND - 2

However, once a court has entered a pretrial scheduling order establishing a deadline for the amendment of pleadings, Rule 16(b) governs a request to amend. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). In this case, the Court issued a scheduling order on September 15, 2021 setting a November 10, 2021 deadline for the filing of amended pleadings, Dkt. 22, and Plaintiff moved to amend his complaint on December 17, 2021, *see* Dkt. 36 and *supra* n.1. The Court must, therefore, first determine whether there is "good cause" to amend the scheduling order under Rule 16(b). *Johnson*, 975 F.2d at 608; Fed. R. Civ. P. 16(b)(4).[2] Unlike Rule 15(a)'s more lenient standard that primarily considers the bad faith of the moving party and any prejudice to the opposing party, Rule 16(b)'s good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. In other words, "[t]he district court may modify the scheduling order 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id*. (quoting Fed. R. Civ. P. 16 Advisory Comm. Notes (1983 amendment)). If the party seeking the extension was not diligent, good cause does not exist and the inquiry should end. *Id*. If the Court finds good cause, it assesses the propriety of the proposed amendment under Rule 15(a). *Id*. at 608.

A. <u>Motion to Amend Under Rule 16(b)</u>

Plaintiff did not move to amend his complaint until more than a month after the November 10, 2021 deadline had expired. Plaintiff did, however, include a request for the opportunity to amend in his November 4, 2021 response to a dispositive motion. Dkt. 26 at 6. Also, the fact Plaintiff proceeds pro se and pursues civil rights claims warrants a liberal application of procedural requirements. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pro se

---

[2] While Plaintiff did not seek leave to amend under Rule 16(b), this Court has construed a party's untimely motion to amend a pleading under Rule 15(a) as a motion to also amend the scheduling order under Rule 16(b). *See, e.g., Williams v. Perdue*, C19-0444-JCC, 2020 WL 5893408, at *1 (W.D. Wash. Oct. 5, 2020). The Court does so here.

ORDER RE: MOTION TO AMEND - 3

pleadings are held to "less stringent standards than [those] drafted by lawyers"); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (with civil rights claims, a court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements.")  The Court, under these circumstances, finds good cause for modification of the scheduling order and proceeds to consideration of the motion under Rule 15(a).

B.    Motion to Amend Under Rule 15(a)

In the proposed amended pleading, Plaintiff again identifies Officer Olson and Nurse Kostelecky as Defendants, omits the previously named Snohomish County entities, and seeks to add Snohomish County and Snohomish County Deputy Prosecuting Attorney (DPA) Hayley Bigoni as Defendants.  Dkt. 41-1.  He brings claims under § 1983 and under state law associated with his arrest, prosecution, the impoundment of his vehicle, and his imprisonment and medical care at Snohomish County Jail.

The Court, as an initial matter, declines Defendants' request for a denial of the motion to amend based on a procedural deficiency.  As Defendants observe, Plaintiff did not comply with Local Civil Rule 15 by indicating how his proposed amended pleading differs from the pleading it amends by "bracketing or striking through the text to be deleted and underlining or highlighting the text to be added."  LCR 15.  However, the decision to grant or deny a motion for leave to amend rests in the sound discretion of the court, *Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985), which must be guided by the policies of deciding cases on the merits and allowing amendments with "extreme liberality." *DCD Programs Ltd.*, 833 F.2d at 186.  In this case, a denial of the motion based on a procedural deficiency would serve only to further delay consideration of a request to amend.  Considering

Plaintiff's pro se status and the policies underlying Rule 15(a), the Court considers the content of the proposed amended complaint and Defendants' contention that the Court should deny leave to amend based on futility, prejudice, and undue delay.³

Leave to amend may be denied where a proposed amended pleading "'either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit.'" *Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1144 (9th Cir. 2015) (quoted source omitted). *See also Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (the general rule allowing amendment of pleadings "does not extend to cases in which any amendment would be an exercise in futility, . . . or where the amended complaint would also be subject to dismissal[.]") (citations omitted). "'Futility alone can justify the denial of a motion to amend.'" *Johnson v. Buckley*, 356 F.3d 1067 (9th Cir. 2004) (quoted source omitted). However, leave to amend should only be denied as futile when no set of facts can be proven under the amended pleading that would constitute a valid claim. *Barahona v. Union Pac. R.R.*, 881 F.3d 1122, 1134 (9th Cir. 2018).

Prejudice to the opposing party carries the most weight in considering a motion to amend. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020). Prejudice may arise from the introduction of new allegations requiring additional discovery or delay, *Sharper Image Corp. v. Target Corp.*, 425 F. Supp. 2d 1056, 1080 (N.D. Cal. 2006), or "'undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party.'" *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651-52 (W.D. Wash. 2015) (quoted cases omitted). The party opposing amendment bears the burden of showing they will be unduly prejudiced, *DCD Programs, Ltd.*, 833 F.2d at 187, and that the prejudice is

---

³ Plaintiff is, however, cautioned that he must review and comply with the Court's local civil rules in proceeding further in this matter.

ORDER RE: MOTION TO AMEND - 5

substantial, *Wizards of the Coast LLC*, 309 F.R.D. at 652 (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1988)).

"'Undue delay' is delay that prejudices the nonmoving party or imposes unwarranted burdens on the court.'" *Wizards of the Coast LLC*, 309 F.R.D. at 651 (citation omitted). The Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment at the time of the original pleading, although the fact that a party could have amended a complaint earlier does not in itself constitute an adequate basis for denying leave to amend." *Id*. at 651-52 (internal and other citations omitted). Whether there has been undue delay is considered in the context of "(1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date." *Id*. (citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991)).

The Court here finds leave to amend properly denied for the reasons discussed below.

      a.    <u>Nurse Kostelecky and Officer Olson</u>:

As related to Nurse Kostelecky and Officer Olson, there is no meaningful difference between the original and proposed amended complaints. *See* Dkts. 1-2 and 41-1. At most, with respect to Officer Olson, the proposed amended complaint consistently and correctly identifies his status as a Washington State Patrol Officer, while the original pleading identified Officer Olson as both a "Snohomish County Officer" and a "Washington State Police Officer". *See* Dkt. 1-2 at 4-5, 12. Officer Olson submitted an answer to the original complaint, Dkt. 14, but did not respond to the motion to amend. Given the absence of any new claims or information, there is no need for an amendment regarding either Nurse Kostelecky or Officer Olson.

///

///

ORDER RE: MOTION TO AMEND - 6

        b.       <u>DPA Bigoni</u>:

In the proposed amended pleading, Plaintiff alleges DPA Bigoni instituted and continued his prosecution through malice, that the proceedings were terminated on the merits in his favor, and that he suffered injury as a result of the malicious prosecution. However, any such claims are barred by absolute prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Prosecutorial immunity applies to conduct "intimately associated with the judicial phase of the criminal process," protecting prosecutors when performing traditional activities related to the initiation and presentation of criminal prosecutions. *Id*. at 430-31. *See also Waggy v. Spokane Cty. Wash*., 594 F.3d 707, 710 (9th Cir. 2010) (prosecutorial immunity applies to conduct in pursuing a criminal prosecution); *Botello v. Gammick*, 413 F.3d 971, 976 (9th Cir. 2005) ("[I]t is well established that a prosecutor has absolute immunity for the decision to prosecute a particular case[.]") This absolute immunity applies both to § 1983 claims and common law causes of action, *Imbler*, 424 U.S. at 422-23, and thus precludes Plaintiff's federal and state law claims against DPA Bigoni, *see, e.g.*, *Milstein v. Cooley*, 257 F.3d 1004, 1008-09 (9th Cir. 2001) (prosecutorial immunity covers claims of the knowing use of false testimony at trial, malicious prosecution, and suppression of exculpatory evidence).

        c.       <u>Snohomish County</u>:

Plaintiff also seeks leave to amend his pleading with federal and state law claims against Snohomish County. He alleges Snohomish County is liable under § 1983 for his arrest and prosecution in that its policies and customs facilitated and caused the violation of his Fourth and Fourteenth Amendment rights due to the absence of probable cause for his arrest and in allowing for the prosecutor's abuse of process and malicious prosecution. Dkt. 41-2 at 3. He also alleges the County's liability for his state law claims, including abuse of process and judicial deception,

its vicarious liability as the employer of Nurse Kostelecky and DPA Bigoni, and for the denial of a post-deprivation remedy/compensation for his impounded vehicle. *Id*. at 4.

To the extent Plaintiff's state or federal claims against the County arise out of the conduct of Officer Olson, they fail at a fundamental level. As Plaintiff acknowledges, Officer Olson is an employee of Washington State, not Snohomish County. *See* Dkt. 41-1 at 1-2, 5-6. Plaintiff may not hold the County liable for claims arising out of the conduct of an individual the County does not employ, including, but not limited to, the alleged false arrest.

Nor may Plaintiff hold the County liable under state law for claims arising out of DPA Bigoni's conduct. Generally, under Washington law, the personal immunities of state officials do not extend to government entities. *Babcock v. State*, 16 Wn.2d 596, 809 P.2d 143, 156 (1991) (en banc). However, when a prosecutor is entitled to absolute immunity, Washington courts extend that immunity to the County for policy reasons. *Creelman v. Svenning*, 67 Wn.2d 882, 410 P.2d 606, 608 (1966) ("The public policy which requires immunity for the prosecuting attorney, also requires immunity for both the state and the county for acts of judicial and quasi-judicial officers in the performance of the duties which rest upon them."). *See also Anderson v. City of Bellevue*, 862 F. Supp. 2d 1095, 1108 (W.D. Wash. 2012) ("A prosecutor's absolute immunity from tort liability extends to the governmental employer.") (citing *Creelman*, 67 Wn.2d at 885); *Hart v. City of Lakewood*, No. 43304–4–II, 2014 WL 129236, at *5 (Wash. Ct. App. Jan 14, 2014) (absolute immunity of individual city prosecutor extended to the municipality when the prosecutor acted within his official capacity to press charges). Because DPA Bigoni is

entitled to absolute immunity in relation to Plaintiff's prosecution, that prosecutorial immunity extends to the state law claims against Snohomish County.[4]

Plaintiff further fails set forth any other viable § 1983 claim against Snohomish County. To establish municipal liability, plaintiff must show a "policy or custom" led to his injury. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). A municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id.* at 691-94. Liability must rest on the actions of the municipality, not on the actions of an employee and must reflect "'deliberate indifference' as to known or obvious consequences." *Bd. of the Cnty. Comm'rs of Bryant Cnty. v. Brown*, 520 U.S. 397, 403-07 (1997) (citing *Monell*, 436 U.S. 658, and quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

Plaintiff alleges in the proposed amended complaint:

> Snohomish County has Policies and Customs that facilitated and caused the violation of his Constitutional Rights under the Fourth and Fourteenth Amendment, Probable Cause did not exist for the arrest on January 20, 2020 and the County's Policy and Custom allowed the Prosecutor to Abuse his Process and Maliciously Prosecute Plaintiff.

Dkt. 41-1 at 3. He alleges the County "is responsible for the Supervision, proper training and Enforcement of its Policies, Practices and Customs of its Employees." *Id*. at 5. He also appears

---

[4] A municipality is not entitled to assert immunity or rely on the immunity of its employees in relation to claims under § 1983. *Owen v. City of Independence, Mo.*, 445 U.S. 622, 638 (1980). The Court, as such, separately addresses § 1983 claims against Snohomish County associated with the conduct of DPA Bigoni.

ORDER RE: MOTION TO AMEND - 9

to allege a constitutional violation through the County's execution of a "Policy or Custom" resulting in the denial of compensation for his impounded vehicle. Dkt. 41 at 2.[5]

While the Court is obliged to liberally construe a pro se pleading, *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992), pro se status does not absolve a plaintiff's burden to allege a policy, practice, or custom.  The Court also notes that it previously advised Plaintiff of the requirements for setting forth a § 1983 claim against Snohomish County. *See* Dkt. 32.  However, in the proposed amended complaint, Plaintiff does not identify or describe any specific municipal policy, custom, or practice giving rise to the alleged constitutional violations.  His bare, conclusory allegations of unidentified policies and customs allowing for false arrest/imprisonment, malicious prosecution, and inadequate medical care are not sufficient to state a claim. *See generally Waggy*, 594 F.3d at 713-14 (finding summary judgment appropriate where plaintiff "points us to no express county policy or custom, and he provides no evidence showing even an inference that such a procedure exists."); *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007) ("'[C]onclusory allegations of law and unwarranted inferences' will not defeat an otherwise proper motion to dismiss.") (citations omitted).

In addition, Plaintiff may not "establish the existence of a municipal policy or custom based solely on the occurrence of a single incident or unconstitutional action by a non-policymaking employee." *Monell*, 436 U.S. at 694.  Plaintiff here points to his imprisonment, prosecution, vehicle impoundment, and medical care during his brief period of confinement. "Proof of random acts or isolated events is insufficient to establish custom." *Navarro v. Block*,

---

[5] While this allegation is included in the motion to amend, Dkt. 41 at 2, the proposed amended pleading appears to identify this claim as arising only under state law, Dkt. 41-1 at 3, 6.  Considering Plaintiff's pro se status, the Court broadly reads the amended pleading as described above.

ORDER RE: MOTION TO AMEND - 10

72 F.3d 712, 714 (9th Cir. 1995), *as amended on denial of reh'g* (Jan. 12, 1996) (citation omitted).  A plaintiff "may prove 'the existence of a custom or informal policy with evidence of repeated constitutional violations for which the errant municipal officials were not discharged or reprimanded.'" *Id*. (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992)).  Because the allegations set forth in Plaintiff's proposed amended complaint relate solely to his personal experiences, they are not sufficient to set forth a cognizable claim for relief against Snohomish County.

Plaintiff also may not impose liability on the County under § 1983 based solely on the fact it employs DPA Bigoni and Nurse Kostelecky.  *See Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (local governments "may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates.")  Plaintiff here broadly alleges the County's responsibility for supervising, properly training, and enforcing its policies, practices, and customs, but does not identify the policies, practices, or customs at issue or provide facts associated with the County's alleged failures in supervision, training, or enforcement.

The Court, finally, concludes Plaintiff's motion to amend should be denied with respect to state law claims against Snohomish County associated with Nurse Kostelecky and the alleged denial of a "post deprivation remedy" for the impoundment of his vehicle.  Dkt. 41-1 at 4.  First, as addressed in the Court's December 9, 2021 Report and Recommendation, Plaintiff's allegation that he was deprived of a remedy in the refusal to compensate him for his tort claim fails to set forth a cognizable claim for relief.  *See* Dkt. 32 at 7 (explaining RCW 4.96 et seq. "does not provide for a private right of action or right to cover damages if a local governmental entity chooses not to compensate an individual for a tort claim[,]" and, instead, provides an

opportunity to pursue a tort claim in court if the entity "chooses not to compensate an individual for a tort claim.")  Second, Nurse Kostelecky filed a motion for summary judgment with this Court on November 18, 2021, Dkt. 28, Plaintiff did not respond to that motion, *see* Dkt. 33, and, in later seeking leave to amend, Plaintiff did not include any new claims or information associated with Nurse Kostelecky.  In the exercise of its discretion, the Court may consider "the delay in the desired amendment, the fact that there was a pending summary judgment motion, and the futility of most of the proposed claims."  *Schlacter–Jones v. General Telephone*, 936 F.2d 435, 443 (9th Cir. 1991) ("A motion for leave to amend is not a vehicle to circumvent summary judgment."), *overruled on other grounds, Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683 (9th Cir. 2001).  In this case, the Court declines to allow the amendment to add negligence or other state law claims against the County arising out of Nurse Kostelecky's alleged conduct.  Instead, should Plaintiff's claims against Nurse Kostelecky survive consideration of the pending dispositive motion, the Court can consider a request to amend the complaint with associated state law claims against Snohomish County.

## CONCLUSION

The Court, in sum, finds the proposed amendment of the complaint futile and otherwise unnecessary.  The futility alone serves to justify denial of the motion to amend.  Plaintiff's Motion to Amend, Dkt. 41, is therefore DENIED.  The Clerk is directed to send copies of this order to the parties and to the Honorable John C. Coughenour.

Dated this 2nd day of February, 2022.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER RE: MOTION TO AMEND - 12