THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WARREN E. BELL,<br><br>                          Plaintiff,<br><br>        v.<br><br>DAVID OLSON, *et al.*,<br><br>                          Defendants. | CASE NO. C21-0781-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff Warren Bell's objections (Dkt. No. 40) to the report and recommendation ("R&R") of the Honorable S. Kate Vaughan, United States Magistrate Judge. (Dkt. No. 32.) Having thoroughly considered the parties' briefing and the relevant record, the Court hereby ADOPTS the R&R (Dkt. No. 32) and OVERRULES Plaintiff's objections (Dkt. No. 40) for the reasons explained below.

I.      **BACKGROUND**

Plaintiff was arrested and booked into Snohomish County Jail by Washington State Trooper David Olson[1] on suspicion of driving without a license, an ignition interlock system, and insurance. (Dkt. No. 1-2 at 1.) Plaintiff alleges that, following his arrest, he became seriously

---

[1] Plaintiff mistakenly names Trooper Olson as a Snohomish County police officer in his complaint. (*See* Dkt. No. 1-2, 14.)

ORDER
C21-0781-JCC
PAGE - 1

1    ill and needed medical attention, but Defendant Kostelecky, the nurse who conducted his post-

2    arrest medical evaluation, ignored this condition. (Dkt. No. 1-2 at 2.)

3            Plaintiff, proceeding *pro se*, filed a 42 U.S.C. § 1983 complaint in Snohomish County

4    Superior Court (Dkt. No. 1-2) against Trooper Olson and Nurse Kostelecky, and against the

5    Snohomish County Jail and Snohomish County Risk Management ("County Defendants"). He

6    alleges that he was unlawfully denied a remedy when Snohomish County refused to compensate

7    him for his tort-based claims brought under Chapter 4.96 RCW and for the violation of his

8    constitutional rights through false arrest, false imprisonment, and deliberate indifference to his

9    medical emergency at the jail. (Dkt. No. 1-2 at 7–8.)

10            County Defendants removed the case to this Court, (Dkt. No. 1), and now move to

11    dismiss all claims against them under Rules 12(b)(5) and 12(b)(6). (Dkt. No. 42.) Judge Vaughan

12    issued an R&R recommending that the Court deny County Defendant's motion under Rule

13    12(b)(5) but grant the motion under Rule 12(b)(6). (Dkt. No. 32.) Judge Vaughan noted that

14    County Defendants are not legal entities subject to suit and that Plaintiff has not set forth a

15    cognizable claim for relief by raising a challenge under RCW 4.96.010. (*Id.* at 6–7.)

16    Additionally, Judge Vaughan reasoned that, even if Plaintiff raised a claim against Snohomish

17    County, the proper defendant for his claims, he fails to articulate a claim under *Monell* or

18    sufficiently allege a constitutional violation as needed to sue under § 1983. (*Id.* at 8–9.)

19    **II.    DISCUSSION**

20            A district court must conduct a *de novo* review of those portions of a magistrate judge's

21    R&R to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party

22    properly objects when he or she files "specific written objections" to the R&R as required under

23    Federal Rule of Civil Procedure 72(b)(2). In contrast, general objections or summaries of

24    arguments previously presented have the same effect as no objection at all, since they do not

25    focus the Court's attention on any specific issues for review. *Howard v. Sec'y of Health and*

26    *Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). This Court's consideration of such

ORDER
C21-0781-JCC
PAGE - 2

"objections" would entail *de novo* review of the entire report, rendering the referral to the magistrate judge useless and causing a duplication of time and effort that wastes judicial resources and contradicts the purposes of the Magistrates Act. *Id.* Accordingly, *de novo* review is not required when a party fails to direct the Court to a specific error in the R&R. *United States v. Diaz-Lemus*, 2010 WL 2573748, slip op. at 1 (D. Ariz. 2010).

Plaintiff's objections are generally unresponsive to Judge Vaughan's R&R. (*See generally* Dkt. No. 40.) Plaintiff does not dispute that County Defendants are immune from suit. (*Id.* at 2.) Instead, he asks the Court to let him amend his complaint to address this deficiency, (*id.*; *see* Dkt. Nos. 36, 41), a request that has since been denied, (Dkt. No. 46). Nor does Plaintiff object to Judge Vaughan's recommendation that his claims under Chapter 4.96 RCW do not create a private right of action. Rather, he merely repeats his allegations in an attempt to support his claim. (Dkt. No. 40 at 3.)

Plaintiff's allegations also fail to satisfy the standard for municipal liability. Even if Plaintiff properly named Snohomish County as a defendant, Plaintiff has not alleged, either in his complaint or in his objections, the policy, practice, or custom that allegedly injured him. To establish municipal liability under § 1983, Plaintiff must show that such a "policy or custom" led to his injury. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Plaintiff's objection merely reiterates his conclusory allegation that Snohomish County has such policies, but not *what those policies or practices are.* (Dkt. No. 40 at 3.) Instead he points to his personal experiences to support this allegation. (*Id.*) But proof of random acts or isolated events "[are] insufficient to establish custom" under *Monell*. *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).

## III.   CONCLUSION

For the foregoing reasons, the Court hereby ORDERS that:

(1)     The R&R (Dkt. No. 32) is ADOPTED;

(2)     Plaintiff's objections (Dkt. No. 40) are OVERRULED;

(3)      County Defendants' motion to dismiss under Rule 12(b)(5) (Dkt. No. 24) is DENIED;

(4)      County Defendants' motion to dismiss under Rule 12(b)(6) (Dkt No. 24) is GRANTED;

(5)      Plaintiff's claims against County Defendants and as to Chapter 4.96 RCW are DISMISSED with prejudice; and any claims against Snohomish County are DISMISSED without prejudice; and

(6)      The Clerk is DIRECTED to send a copy of this order to Plaintiff and to Judge Vaughan.

DATED this 14th day of February 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C21-0781-JCC
PAGE - 4