UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WARREN E. BELL,

    Plaintiff,

v.

DAVID OLSON, et al.,

    Defendants.

CASE NO. C21-781-JCC-SKV

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff filed a "Motion for Relief from the Order" denying his motion to amend, seeking relief pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6). Dkt. 50.[1] Snohomish County Risk Management filed an opposition to the motion. Dkt. 53. The Court, having now considered the motion, opposition, and the remainder of the record, concludes Plaintiff's motion for relief, Dkt. 50, should be DENIED.

---

[1] The Court originally construed the motion as seeking reconsideration under Local Civil Rule (LCR) 7(h). *See* docket entry dated Feb. 25, 2022. On closer review, it is clear Plaintiff seeks relief pursuant to Rule 60(b)(1) and (6). Dkt. 50 at 1, 4. Also, because Plaintiff filed the motion more than fourteen days after the order to which it relates, *see* Dkts. 46 & 50, a motion for reconsideration would not have been timely. LCR 7(h) (motions for reconsideration "shall be filed within fourteen days after the order to which it relates is filed.")

REPORT AND RECOMMENDATION - 1

Rule 60(b) provides that, on "just terms," a court may relieve a party from a final judgment, order, or proceeding. Fed. R. Civ. P. 60(b). Circumstances allowing for such relief include, *inter alia*, "mistake, surprise, inadvertence, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). The Court may also provide relief from a final judgment, order, or proceeding "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This latter, catch-all provision may not be used to remedy neglect or lack of diligence and requires a showing of both injury and circumstances beyond a party's control preventing timely action. *Lehman v. U.S.*, 154 F.3d 1010, 1017 (9th Cir. 1998) (citation omitted). *See also Bynoe v. Baca*, 966 F.3d 972, 979 (9th Cir. 2020) (a movant seeking relief under Rule 60(b)(6) must demonstrate "extraordinary circumstances" to justify reopening a judgment) (citations omitted).

Plaintiff here seeks relief pursuant to Rule 60(b)(1) and (6) in relation to the Court's order denying a motion to amend. Specifically, Plaintiff challenges the Court's finding that he did not state a claim against Snohomish County given his failure to "identify or describe any specific municipal policy, custom, or practice giving rise to the alleged constitutional violations." Dkt. 46 at 10-11 (finding the "bare, conclusory allegations of unidentified policies and customs" insufficient; also finding the claim not cognizable in that it related solely to Plaintiff's personal experiences or to the extent it rested solely on the fact the County employed other named defendants). He asserts his entitlement to relief because the Washington State Department of Corrections (DOC) had confiscated and refused to allow the return of materials that would have been used to support his claim and that he had forwarded to the individual who serves as his power of attorney and is a current DOC inmate. Dkt. 50 at 2-4. In other words, Plaintiff contends that, had the DOC not obstructed his ability to utilize these materials, he would have been able to state a claim against Snohomish County.

1  A Rule 60(b) motion may be brought "only after a final judgment or order; interlocutory

2 orders are insufficient[.]" *Osborne v. Boeing Co.*, C15-223-RSL, 2016 WL 1046094 at *6 (W.D.

3 Wash. Mar. 16, 2016) (citing *Connors v. Inquique U.S.L.L.C.*, C05-0334-JLR, 2005 WL

4 3007127, at *7 (W.D. Wash. Nov. 9, 2005) (Rule 60(b)'s "Advisory Committee Notes clarify

5 that the adjective 'final' applies not only to 'judgment,' but to 'order' and 'proceeding' as

6 well."))  In this case, the Court denied Plaintiff's attempt to amend his complaint with a claim

7 against Snohomish County, but the case remained pending and the order did not preclude

8 Plaintiff from again seeking to amend with a sufficient claim.  The order described the

9 deficiencies in the proposed pleading.  The order also stated the Court would consider a request

10 to amend the complaint with state law claims against the County contingent on the outcome of a

11 pending dispositive motion.  Dkt. 46 at 12.  Because the order denying the motion to amend did

12 not present a final judgment, order, or proceeding, Plaintiff may not seek relief under Rule 60(b).

13 *See Hartford Fire Ins. Co. v. Herrald*, 434 F.2d 638, 639 (9th Cir. 1970) (order that did not

14 dispose of an action and only denied leave to join a defendant and amend the complaint was "not

15 an appealable interlocutory order" or a final decision); *Sherman v. Henderson*, C06-2414, 2008

16 WL 1746659, at *1 (E.D. Cal. Apr. 14, 2008) (disregarding "plaintiff's premature and otherwise

17 inapposite Rule 60(b) motion" when filed in response to the court's dismissal of plaintiff's

18 complaint with leave to amend), *report and recommendation adopted*, 2008 WL 2020428 (E.D.

19 Cal. May 9, 2008), *aff'd*, 382 F. App'x 557 (9th Cir. 2010).

20  Moreover, even if the order could be construed as final, Plaintiff does not demonstrate his

21 entitlement to relief under Rule 60(b).  That is, while arguing he would have been able to

22 properly support a claim of municipal liability had the DOC not interfered with and confiscated

23 materials he mailed to his power of attorney, the materials are not relevant to the claim at issue.

24

Plaintiff sought to amend his complaint with claims against Snohomish County. *See* Dkt. 41-1 at 2-5. The Court denied that amendment given Plaintiff's failure to identify or describe any specific Snohomish County policy, custom, or practice giving rise to the alleged constitutional violations. In now arguing his excusable neglect or circumstances beyond his control, Plaintiff points only to the DOC's confiscation and refusal to return copies of Washington State Patrol manuals. Dkt. 50 at 2-3 (explaining that the DOC would not allow the return of the material because it was "the property of the Washington State Patrol.") He does not articulate and the Court does not find any basis for concluding materials pertaining to the Washington State Patrol would have provided for his ability to sufficiently state a claim against Snohomish County.

The Court, in sum, finds no basis for relief under Rule 60(b) and recommends Plaintiff's Motion for Relief, Dkt. 50, be DENIED. A proposed order accompanies this Report and Recommendation.

### OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 8, 2022**.

Dated this 18th day of March, 2022.

S. KATE VAUGHAN
United States Magistrate Judge