UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WARREN E. BELL,

           Plaintiff,

   v.

DAVID OLSON, et al.,

           Defendants.

CASE NO. C21-781-JCC-SKV

REPORT AND RECOMMENDATION

INTRODUCTION

Plaintiff Warren Bell proceeds pro se in this removed civil matter. He alleges false arrest/imprisonment and civil rights violations by Washington State Patrol Officer David Olson. Dkt. 1-2 at 9. Now pending before the Court is Defendant Olson's Motion for Summary Judgment. Dkt. 59. Plaintiff opposes the motion. Dkt. 64.[1] The Court, having considered the pending motion and opposition, all supporting documents, and the remainder of the record, finds the motion for summary judgment should be GRANTED and Plaintiff's claims against Officer Olson should be DISMISSED.

---

[1] Plaintiff's Motion to Strike Defendant Olson's Late Reply, Dkt. 68, is DENIED. Contrary to Plaintiff's assertion, Officer Olson timely filed his reply brief on the noting date for the summary judgment motion. *See* Local Civil Rule (LCR) 7(d)(3) ("Any reply papers shall be filed and served no later than the noting date.") Plaintiff is further advised that the Court will not consider the extraneous argument contained within his motion to strike. LCR 7(g)(2) ("Extraneous argument or a surreply filed for any other reason [than a request to strike] will not be considered.").

BACKGROUND

On January 20, 2020, at approximately 7:35 p.m., Officer Olson observed a truck without functioning taillights traveling southbound on State Route 529. Dkt. 61, ¶¶4-5. As reflected in a dashboard camera video, *see* Dkt. 62 at 1, Officer Olson verified the absence of functioning taillights by observing that the brake lights on the vehicle came on when the vehicle slowed, but went off once the brake was let off. Dkt. 61, ¶6. At the time, some two-and-a-half hours after sunset, headlights and taillights were required. *Id*.

Officer Olson activated his emergency equipment, stopped the vehicle, and advised Plaintiff, the vehicle's driver, that he had been stopped due to the non-functioning taillights. *Id*., ¶7; Dkt. 62. Plaintiff acknowledged there was an issue and stated he had previously kicked the lights and they came on. *Id*. Plaintiff provided identification, a temporary restricted driver's license, and information associated with insurance. Dkt. 61, ¶8.

Officer Olson conducted a Department of Licensing (DOL) check, which showed Plaintiff's license had been revoked in the second degree starting on September 30, 2019 for a DUI charge that occurred on August 31, 2019. *Id.*, ¶9. The DOL check also showed a requirement for an ignition interlock device (IID), which Officer Olson had not observed in Plaintiff's vehicle. *Id*. Officer Olson asked Plaintiff to step out of the vehicle, placed him in custody for the IID requirement violation and for driving with a revoked license in the second degree, handcuffed him, and read him his constitutional rights. *Id*., ¶¶9-10.

Officer Olson and Plaintiff continued to converse after the arrest. *See* Dkt. 62. Plaintiff advised Officer Olson he did not need an IID in the vehicle at issue, which was his work truck, because he had valid proof of insurance. Dkt. 61, ¶12; Dkt. 62. He told Officer Olson the truck contained paperwork showing he was allowed to drive vehicles without an IID as long as he had

valid insurance for the vehicle. Dkt. 61, ¶14; Dkt. 62. With Plaintiff's permission, Officer Olson retrieved and reviewed the paperwork, but found it unrelated to the IID court order and to reflect that, if Plaintiff committed any offense resulting in a driver license suspension, the license would be invalid. Dkt. 61, ¶¶13, 15; Dkt. 62. Officer Olson pointed to Plaintiff's August 2019 DUI and subsequent license revocation, while Plaintiff maintained that charge had been dismissed. Dkt. 62. Officer Olson also stated that Plaintiff had not provided any documentation showing proof of current insurance. Dkt. 61, ¶12; Dkt. 62. He concluded that the information showed Plaintiff's license was revoked and that he was required to have an IID. Dkt. 62.

Plaintiff submits a copy of his Occupational Restricted License providing for his ability to drive for work and "only vehicles for which [Plaintiff has] valid proof of financial responsibility." Dkt. 64-1 at 1. The license is signed on July 31, 2019 and states: "I understand that if I violate any of the above conditions or commit any offense that requires a driver license suspension, it will result in cancellation of this license." *Id*. Plaintiff also submits a copy of an Employer Declaration for Ignition Interlock Exemption, for use by an individual with an IID installed in a personal vehicle, but required to drive a vehicle without an IID by an employer. *Id*. at 2. The declaration is signed by Plaintiff as the employer and is also dated July 31, 2019. *Id*. Other documentation submitted includes the first page of a four-page "Application for Insurance" for the period from October 8, 2018 through April 8, 2019 and an insurance "Payment Schedule" reflecting amounts due between October 2019 and March 2020. *Id*. at 3-4.

Following his arrest, Plaintiff was unable to identify anyone nearby to pick up his truck, which was parked in a business parking lot with tow-away signs. Dkt. 61, ¶16; Dkt. 62 at 1. Officer Olson requested a tow and impounded the truck. *Id*. Plaintiff was subsequently booked into Snohomish County Jail. Dkt. 61, ¶17.

1    On January 21, 2020, the Snohomish County District Court found probable cause existed
2 to believe Plaintiff committed the crimes of Second Degree Driving While License Suspended/
3 Revoked and Driving Without Ignition Interlock.  Dkt. 60, Ex. A.  The Court released Plaintiff
4 from jail and set conditions of release.  *Id*.  On March 20, 2020, the Snohomish County
5 Prosecutor issued an Affidavit of Probable Cause in support of the crimes charged.  Dkt. 64-1 at
6 6.  On September 23, 2020, the Snohomish County District Court issued a Case Setting Notice
7 granting a defense motion to continue and reiterating the probable cause finding and conditions
8 for release.  Dkt. 60, Ex. B.  However, on October 21, 2020, the Court dismissed both charges
9 against Plaintiff without prejudice.  Dkt. 64-1 at 8.

## DISCUSSION

Plaintiff brings claims under 42 U.S.C. § 1983 and state law, alleging false arrest/ imprisonment and violation of his Fourth and Fourteenth amendment rights.  *See* Dkts. 1-2 & 64.[2]  Officer Olson seeks dismissal of Plaintiff's claims on summary judgment.

A.    Summary Judgment Standard

Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party is entitled to judgment as a matter of law when the nonmoving

---

[2] Plaintiff cites to, but may not state a claim against Officer Olson under either the Fifth Amendment or the Washington State Constitution, Article 1, §§ 3 and 14.  Dkt. 1-2 at 4, 6, 8.  That is, the Fifth Amendment applies only to the federal government and federal actors, *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001), while "Washington does not have a civil rights act akin to 42 U.S.C. § 1983 and alleged violations of the State constitution are not independently actionable torts." *Williams v. Glebe*, No. C12-5796-RBL-KLS, 2013 WL 142890, at *2-3 (W.D. Wash. Jan. 11, 2013) (denying amendment of claims under Article 1, §§ 3 and 14 of the Washington Constitution because such "a state law constitutional claim cannot stand.")  *See also Blinka v. Wash. State Bar Ass'n*, 109 Wn. App. 575, 590-91, 36 P.3d 1094 (2001) ("Washington courts have consistently rejected invitations to establish a cause of action for damages based upon constitutional violations 'without the aid of augmentative legislation.'") (quoted and cited sources omitted).

party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case." *Id*. at 325. It can carry that burden by producing affirmative evidence negating an essential element of the nonmovant's case or by establishing the nonmovant lacks the quantum of evidence needed to satisfy its burden of persuasion at trial. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The burden then shifts to the nonmoving party to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the nonmoving party. *Id*. at 255; *Matsushita Elec. Indus. Co.*, 475 U.S. at 87. However, summary judgment may not be defeated with allegations in the complaint, "unsupported conjecture[,] or conclusory statements." *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).

B.   Officer Olson's Motion for Summary Judgment

Officer Olson argues Plaintiff's claims must be dismissed because Plaintiff cannot establish an absence of probable cause for his arrest. Officer Olson also argues Plaintiff is collaterally estopped from relitigating whether probable cause existed due to the findings of probable cause in the municipal court proceedings. He further argues that, even if the Court were to consider Plaintiff's claims despite the issues of probable cause and collateral estoppel, he

1 is entitled to qualified immunity barring Plaintiff's civil rights claims and that Plaintiff cannot pursue such claims against him in his official capacity.

    1.    <u>Probable Cause</u>:

The Fourth Amendment guarantees the right to be free from unreasonable search and seizure. "Under the Fourth Amendment, a warrantless arrest requires probable cause." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007). Conclusive evidence of guilt is not necessary, nor is mere suspicion or rumor sufficient. *Id*. Rather, probable cause to arrest exists if "the facts and circumstances within [the officer's] knowledge and of which [the officer] had reasonably trustworthy information were sufficient to warrant a prudent man in believing [an individual] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964). *See also State v. Neeley*, 113 Wn. App. 100, 107, 52 P.3d 539 (2002) ("Probable cause 'boils down, in criminal situations, to a simple determination of whether the relevant official, police or judicial, could reasonably believe that the person to be arrested has committed the crime.'") (quoted sources omitted). There must be, under the totality of the circumstances, a fair probability or substantial chance the individual committed a crime. *Lopez*, 482 F.3d at 1072; *United States v. Patayan Soriano*, 361 F.3d 494, 505 (9th Cir. 2004).

The Court examines the events leading up to the arrest and decides "whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (internal quotation marks and source omitted). "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

1  Probable cause is a complete defense to both federal and state law claims of false arrest
2  and false imprisonment. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir.
3  1998) ("To prevail on his § 1983 claim for false arrest and imprisonment, Cabrera would have to
4  demonstrate that there was no probable cause to arrest him.") (cited source omitted); *Hanson v.
5  City of Snohomish*, 121 Wn.2d 552, 563-64, 852 P.2d 295 (1993) ("As with an action for
6  malicious prosecution, probable cause is a complete defense to an action for false arrest and
7  imprisonment.") *See also Barry v. Fowler*, 902 F.2d 770, 772 (9th Cir. 1990) ("The Fourth
8  Amendment protects persons against 'unreasonable searches and seizures.' U.S. Const. amend.
9  IV. The 'reasonableness' and hence constitutionality of a warrantless arrest is determined by the
10 existence of probable cause.")  Accordingly, unless Plaintiff can show an absence of probable
11 cause, his claims are subject to dismissal on summary judgment.  The Court, as discussed below,
12 concludes Plaintiff's claims should be dismissed.

13  Officer Olson observed Plaintiff driving a vehicle with non-functional taillights. Dkt. 61,
14 ¶¶5-7; Dkt. 62 at 1.  Once pulled over, Plaintiff conceded his taillights were not properly
15 functioning. *Id.*  Officer Olson therefore had probable cause to stop Plaintiff pursuant to RCW
16 46.37.010(1)(b) (it is a traffic violation for any person to drive on a highway any vehicle that "is
17 not at all times equipped with such lamps and other equipment in proper working condition and
18 adjustment as required by this chapter or by rules issued by the Washington state patrol[.]") *See
19 also* Dkt. 64 at 5 ("Mr. Bell admits that the Tail-Light was Mal functioning [sic].")

20  Officer Olson also maintains the existence of probable cause for Plaintiff's arrest.  Under
21 RCW 46.20.740(2), it is a gross misdemeanor for individuals with an IID requirement on their
22 driving record to operate a motor vehicle without an IID "unless the notation resulted from a
23 restriction imposed as a condition of release and the restriction has been released by the court
24

prior to driving." Under RCW 46.20.342(1)(b)(x), it is a gross misdemeanor to operate a motor vehicle when a person's license is suspended or revoked by reason of driving under the influence. Here, Officer Olson conducted a DOL check that showed Plaintiff's license had been revoked in the second degree and was subject to an IID requirement, observed that Plaintiff's vehicle was not equipped with an IID, and concluded the paperwork Plaintiff provided did not allow for his ability to drive or to drive a vehicle without an IID. Dkt. 61, ¶¶8-9; Dkt. 62. Officer Olson contends that, considering these facts and circumstances, a reasonable officer would have believed there was probable cause for an arrest. He also notes that the county district court subsequently found probable cause existed.

Plaintiff asserts that he provided a valid temporary driver's license, valid registration, and valid proof of insurance and that those documents showed he was not required to have an IID on his work truck because he had valid proof of insurance. Dkt. 64-1 at 9-11. He argues Officer Olson improperly based the arrest on misleading and incorrect information from the DOL, rather than carefully reading the documents Plaintiff provided. He asserts that those same documents led the Snohomish County District Court to dismiss the charges against him and now refute the existence of probable cause. *Id*. at 1-4, 8. He argues that, as a result, genuine issues of material fact preclude a finding of summary judgment.

The fact that the charges against Plaintiff were dismissed does not establish an absence of probable cause. *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) ("[T]he mere fact a prosecution was unsuccessful does not mean it was not supported by probable cause.") Instead, the probable cause determination requires consideration of the facts and circumstances known by the police officer at the time of the arrest and an analysis from the perspective of an objectively reasonable officer. *Pringle*, 540 U.S. at 371.

The evidence shows that Officer Olson was advised by the DOL that Plaintiff's license had been revoked in the second degree starting on September 30, 2019, for a DUI charge that occurred on August 31, 2019, and that Plaintiff was required to have an IID. Dkt. 61, ¶9; Dkt. 62. It is also undisputed that, as observed by Officer Olson, Plaintiff was driving a vehicle that did not have an IID. *Id*. The evidence further shows that Plaintiff's occupational restricted license and IID exemption form are both signed and dated on July 31, 2019, a month prior to an August 31, 2019 DUI charge, and that the license indicates it was subject to cancellation if Plaintiff committed an offense requiring a license suspension. Dkt. 64-1 at 1-2 ("I understand that if I violate any of the above conditions or commit any offense that requires a driver license suspension, it will result in cancellation of this license."). In addition, while the license contains language providing for an ability to drive work vehicles with "valid proof of financial responsibility," Plaintiff did not provide an insurance card or other documentation showing confirmation of insurance coverage on the date of his arrest. *Id*. at 1, 3-4. He provided a part of an application for insurance for the period from October 2018 through April 2019 and an insurance payment schedule reflecting amounts due between October 2019 and March 2020. *Id*.

In sum, the evidence shows Officer Olson relied upon reasonably trustworthy information from the DOL and drew reasonable inferences in considering both that information and the documentation provided by Plaintiff. *See United States v. Struckman*, 603 F.3d 731, 740 (9th Cir. 2010) ("Probable cause demands factual specificity and must be judged according to an objective standard, taking into account the nature and trustworthiness of the evidence of criminal conduct available to the police. In assessing probable cause, we take into account reasonable inferences.") (cleaned up and citations omitted). The facts and circumstances, considered as a whole and viewed from the perspective of an objectively reasonable police officer, support the

conclusion that Officer Olson had sufficient information upon which to conclude Plaintiff had committed offenses subjecting him to arrest. *See* RCW 46.20.740(2) and 46.20.342(1)(b)(x). Neither Plaintiff's arguments, nor the documents relied upon present a material dispute of fact or demonstrate an absence of probable cause. Because probable cause serves as a complete defense to both federal and state law claims of false arrest and imprisonment, Plaintiff's claims should be dismissed.

It should also be noted that Plaintiff may not rely on the Fourteenth Amendment. That is, to the extent Plaintiff asserts a violation of the Fourteenth Amendment through the alleged false arrest/imprisonment, *see* Dkt. 64-1 at 1, this allegation is properly rooted in the Fourth Amendment, *see Albright v. Oliver*, 510 U.S. 266, 273-75 (1994), and subject to dismissal for the reasons stated above. *See also Graham v. Connor*, 490 U.S. 386, 395 (1989) ("Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims."). Nor is procedural due process implicated under the circumstances at issue. *See Miranda v. City of Cornelius*, 429 F.3d 858, 867 (9th Cir. 2005) (describing case law determining that "procedural due process does not require pre-deprivation notice and a hearing before impoundments" where "police clearly were acting within their legitimate caretaking functions"). *See generally Sanders v. City of San Diego*, 93 F.3d 1423, 1428-29 (9th Cir. 1996) (holding that when property is seized "for criminal investigatory purposes, compliance with the Fourth Amendment satisfies pre-deprivation procedural due process"). For this reason, and for the reasons stated above, Officer Olson is entitled to dismissal of Plaintiff's claims on summary judgment.

/ / /

2.      Collateral Estoppel:

The doctrine of collateral estoppel precludes a party from re-litigating an issue after a full and fair opportunity to present the party's case. *Hanson*, 121 Wn. 2d at 561.  State law governs the application of collateral estoppel in federal civil rights cases. *Allen v. McCurry*, 449 U.S. 90, 96 (1980); *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990).  In Washington, a litigant is estopped from raising an issue in a subsequent proceeding if

> (1) the issue decided in the prior adjudication is identical with the one presented in the second action; (2) the prior adjudication . . . ended in a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with the party to the prior adjudication; and (4) application of the doctrine does not work an injustice.

*Thompson v. Dep't of Licensing*, 138 Wn.2d 783, 790, 982 P.2d 601 (1999).

As recognized by this Court:

> [T]he Ninth Circuit has repeatedly held that when an individual has the opportunity to challenge a probable cause determination in the course of prior state court proceedings, such as in a preliminary hearing as to whether the defendant may be bound over on the charges, he may be barred from re-litigating the issue in a subsequent § 1983 action.

*Fontana v. City of Auburn*, No. C13-0245-JCC, 2014 WL 4162528, at *7 (W.D. Wash. Aug. 21, 2014) (citing *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004); *Haupt v. Dillard*, 17 F.3d 285, 289 (9th Cir. 1994) (holding that state judge's finding that probable cause existed to bind a defendant over for trial barred the individual's subsequent re-litigation as to whether probable cause existed to support claims under § 1983)), *aff'd*, 679 F. App'x 613 (9th Cir. 2017) (addressing challenge to court's finding on qualified immunity).[3]  In finding as such, courts have

---

[3] Recognized exceptions to this rule are not applicable to the current matter.  *See Fontana*, 2014 WL 4162528, at *7 (collateral estoppel does not bar re-litigation "'when the decision to hold the defendant to answer was made on the basis of fabricated evidence presented at the preliminary hearing or as the result of other wrongful conduct by state or local officials[,]'" and "may also be inapplicable in an unlawful arrest case if the state judge's probable cause determination was based on evidence obtained

REPORT AND RECOMMENDATION - 11

clarified that a probable cause determination made at a preliminary hearing suffices to satisfy the collateral estoppel "final judgment" requirement and that estoppel applies even where an individual was ultimately not convicted. *See, e.g., Haupt*, 17 F.3d at 288-89; *Fontana*, 2014 WL 4162528, at *7; *Wakgira v. City of Seattle*, No. C08-1108, 2009 WL 2406330, at *4, 14-15 (W.D. Wash. Aug. 3, 2009).

Officer Olson here argues Plaintiff is collaterally estopped from re-litigating whether probable cause existed to support his arrest given that it is undisputed the Snohomish County District Court twice found probable cause existed. Dkt. 60, Ex. A (order finding probable cause Plaintiff committed the offenses of second degree driving while his license was suspended or revoked and driving without an IID) & Ex. B (case setting notice finding probable cause for charged crimes). Plaintiff did not respond to Officer Olson's collateral estoppel argument. He did, however, submit additional relevant evidence in the form of an Affidavit of Probable Cause from the Snohomish County Prosecutor attesting to her belief that probable cause existed for Plaintiff's arrest. Dkt. 64-1 at 6.

As discussed above, the Court concludes Plaintiff has failed to establish an absence of probable cause. The Court also, considering the undisputed evidence of the municipal court determination of probable cause, agrees with Officer Olson that Plaintiff is collaterally estopped from challenging the probable cause determination. *See, e.g.*, *Fontana*, 2014 WL 4162528, at *7 (finding plaintiff barred from re-litigating probable cause where court records showed a municipal court judge found probable cause existed to bind the plaintiff over for trial: "Because this fact is undisputed, the Court has no trouble concluding that the elements of collateral [estoppel] apply under these circumstances."); *Wakgira*, 2009 WL 2406330, at *14-15 (finding

---

after the arrest, since the issues would not be identical.") (quoting and citing *Awabdy*, 368 F.3d at 1068 (citing *Haupt*, 17 F.3d at 289)).

REPORT AND RECOMMENDATION - 12

collateral estoppel barred plaintiff's claims for false arrest, false imprisonment, and malicious prosecution: "Defendants have established the elements of collateral estoppel: the issue decided by the Seattle Municipal Court is identical to the issue here presented, the prior adjudication ended with a final judgment on the merits, Mr. Wakgira was a party in state court and present at the hearing on probable cause, and application of the doctrine does not work an injustice because Mr. Wakgira had an opportunity to litigate this issue in state court.") Plaintiff's false arrest/imprisonment claims are, as such, barred as a matter of law and properly dismissed on summary judgment. *See id.*[4]

## CONCLUSION

Officer Olson's Motion for Summary Judgment, Dkt. 59, should be GRANTED and Plaintiff's claims against Officer Olson should be DISMISSED with prejudice. Also, because the Court previously dismissed Plaintiff's claims against the two other named Defendants, this matter as a whole is subject to dismissal and the entry of a final judgment.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will

///

---

[4] Having found Plaintiff's claims barred by the existence of probable cause and collateral estoppel, the Court need not and declines to herein address Officer Olson's arguments as to qualified immunity and claims raised against him in his official capacity.

1  be ready for consideration by the District Judge on **June 10, 2022**.

2      Dated this 20th day of May, 2022.

*S. Kate Vaughan* (signature)

S. KATE VAUGHAN
United States Magistrate Judge