THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WARREN E. BELL, | CASE NO. C21-0781-JCC |
| Plaintiff, | ORDER |
| v. | |
| DAVID OLSON, *et al.*, | |
| Defendants. | |

    This matter comes before the Court on Plaintiff Warren E. Bell's objections[1] (Dkt. No. 73) to the report and recommendation ("R&R") of the Honorable S. Kate Vaughan, United States Magistrate Judge. (Dkt. No. 72.) Having thoroughly considered the parties' briefing[2] and the relevant record, the Court hereby ADOPTS the R&R and OVERRULES Plaintiff's objections for the reasons explained below.

**I.    BACKGROUND**

    The Court described the undisputed facts here in prior orders (Dkt. Nos. 46, 48, 66), as did Judge Vaughan in her most recent R&R (Dkt. No. 72), and will not repeat them here. In the

---

[1] The Court notes Plaintiff's 18-page objections exceed the 12-page limit provided by the local rules. *See* LCR 7(d)(e), 72(b). While the Court could, therefore, disregard all argument exceeding the limit, the Court has chosen to consider all of it in this instance.

[2] The Court did not consider Plaintiff's reply brief (Dkt. No. 76), as it is not properly before the Court. *See* LCR 72(b) ("[n]o reply will be considered" on objections to a magistrate judge's recommended disposition of a dispositive motion.).

ORDER
C21-0781-JCC
PAGE - 1

1   motion at issue (Dkt. No. 59), Washington State Patrol Officer David Olson moved for summary
2   judgment on Plaintiff's claims against him arguing: (1) based on the undisputed facts, Plaintiff
3   cannot establish a lack of probable cause for Plaintiff's arrest; (2) regardless, Plaintiff is
4   collaterally estopped from re-litigating the issue; and (3) qualified immunity also bars Plaintiff's
5   claims. (*Id.* at 5–11.) In response, Plaintiff argued probable cause is a genuine issue of material
6   fact and that Defendant Olson is not entitled to qualified immunity. (Dkt. No. 64 at 1–2.)
7   Plaintiff did not respond to the collateral estoppel issue.[3] (*See generally id.*)

8       Judge Vaughan's resulting R&R recommended that the Court grant Defendant Olson's
9   motion. (Dkt. No. 72 at 13.) In doing so, she found that no genuine issue of material fact exists as
10  to whether Defendant Olson had probable cause to arrest Plaintiff; and regardless, as a matter of
11  law, Plaintiff is collaterally estopped from relitigating the issue because the Snohomish County
12  District Court already considered it on two occasions. (*Id.* at 4–13.) Judge Vaughan chose not to
13  address the issue of qualified immunity, as it was unnecessary to dispose of Defendant's motion.
14  (*See id.* at 13 n.4.)

15      Plaintiff objects to the R&R. (Dkt. No. 73.) He first argues that Judge Vaughan erred in
16  finding that the issue of probable cause was not a genuine issue of material fact. (*Id.* at 8–11.) He
17  next argues that, as a matter of law, neither collateral estoppel nor qualified immunity should bar
18  his claims against Defendant Olson. (*Id.* at 11–18.) Plaintiff's objections are unpersuasive and/or
19  unresponsive to the R&R.

20  **II.  DISCUSSION**

21      A district court must conduct a *de novo* review of those portions of a magistrate judge's
22  R&R to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party
23  properly objects when they file "specific written objections" to the R&R as required under Federal
24  Rule of Civil Procedure 72(b)(2). In contrast, general objections or summaries of arguments

---

[3] Plaintiff did address the issue in a later-filed Motion to Strike. (*See* Dkt. No. 68 at 3.) But Judge Vaughan properly denied it pursuant to LCR 7(g)(2). (*See* Dkt. No. 72 at 1 n.1.)

previously presented have the same effect as no objection at all, since they do not focus the Court's attention on any specific issues for review. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). And while *pro se* litigants are held to a more lenient standard, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they are not excused from making proper objections, *see, e.g., Carter v. Commissioner*, 784 F.2d 1006, 1008 (9th Cir. 1986). Accordingly, *de novo* review is not required when a party fails to direct the Court to a specific error in the R&R. *See, e.g., United States v. Diaz-Lemus*, 2010 WL 2573748, slip op. at 1 (D. Ariz. 2010).

In objecting to the R&R, Plaintiff again argues that probable cause did not exist because Defendant Olson went on a "hunting expedition" and ignored the documents Plaintiff provided him showing that he was authorized to drive his vehicle, despite Department of Licensing ("DOL") records indicating his license was suspended and he was required to use an ignition interlock device. (Dkt. No. 73 at 1–11.) But Defendant Olson presented Judge Vaughan with significant evidence supporting probable cause, including dash-cam video of the incident, testimony regarding Defendant Olson's observations at the time of Plaintiff's arrest and testimony regarding Defendant Olson's review of the DOL records. (Dkt. Nos. 61, 62.) Whereas Plaintiff presented Judge Vaughan with no countervailing evidence—just bare assertions that DOL's records were incorrect. (*See generally* Dkt. No. 64.) Therefore, he failed to establish a genuine issue of material fact, and Judge Vaughan correctly found that Defendant Olson was entitled to summary judgment on the issue. (*See* Dkt. No. 72 at 7–10.)

Nor is Plaintiff's objection regarding collateral estoppel properly before the Court, as this is an issue Plaintiff chose not to address in his brief opposing summary judgment. (*See generally* Dkt. No. 64.) While, ultimately, Judge Vaughan did address the issue in her R&R, she need not have. She could have treated Plaintiff's failure to respond as an admission that Defendant Olson's argument was valid. *See, e.g., Hodges v. Hertz Corp.*, 351 F. Supp. 3d 1227, 1238 (N.D. Cal. 2018). And Plaintiff cannot "resurrect" the issue now on objection. *Edward B. Marks Music Corp. v. Contl. Rec. Co.*, 222 F.2d 488, 492 (2d Cir. 1955). Regardless, even if he could, the

1  Court finds Plaintiff's argument unpersuasive. Plaintiff provides no authority supporting his
2  contention that he needed to be directly "asked" about probable cause at the state court hearings
3  for the resulting determinations to represent final adjudications on the merits. (*See* Dkt. No. 73 at
4  11.) Therefore, as a matter of law, the Court finds that Plaintiff is collaterally estopped from
5  litigating the issue of probable cause.

6  Finally, Plaintiff's objection regarding qualified immunity, (Dkt. No. 73 at 16–18), is
7  improper, as Judge Vaughan never addressed the issue in her R&R. (*See generally* Dkt. No. 72.)
8  Therefore, it does not serve as a basis for this Court's *de novo* review.

9  **III.   CONCLUSION**

10  For the foregoing reasons:

11  (1)   The Court APPROVES and ADOPTS the R&R (Dkt. No. 72);

12  (2)   Plaintiff's objections (Dkt. No. 73) are OVERRULED;

13  (3)   Defendant Olson's Motion for Summary Judgment (Dkt. No. 59) is GRANTED;

14  (4)   Plaintiff's claims against Defendant Olson are DISMISSED with prejudice;

15  (5)   Because the Court previously dismissed Plaintiff's claims against the other named
16  Defendants, this matter as a whole is DISMISSED with prejudice; and,

17  (6)   The Clerk is DIRECTED to send copies of this order to the parties and to Judge
18  Vaughan.

DATED this 8th day of July 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE